UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

EDDIE COTTO,                              :

            Plaintiff,                   :   07 Civ. 7656 (LTS) (AJP)

       -against-                         :   ORDER DENYING APPOINTMENT
                                                   OF COUNSEL
SERGEANT BONES, et al.,                   :

           Defendants.                  :

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/07

**ANDREW J. PECK, United States Magistrate Judge:**

       Plaintiff, Eddie Cotto, appearing pro se and in forma pauperis, has applied for the appointment of counsel by letter dated October 22, 2007. In light of the decisions of the Second Circuit in Cooper v. Sargenti Co., 877 F.2d 170 (2d Cir. 1989), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), the Court denies plaintiff's application at this time.

       The threshold question in determining whether or not to assign counsel to an indigent party is whether his/her claim is "likely to be of substance." Cooper, 877 F.2d at 172; Hodge, 802 F.2d at 61. Hodge articulates those factors to be considered with respect to whether or not counsel should be appointed once a claim is found likely to be of substance: "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder, the

indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Hodge, 802 F.2d at 61-62; accord, Cooper, 877 F.2d at 172. The "plaintiff's ability to obtain representation independently" is another factor to be considered. Cooper, 877 F.2d at 172. Plaintiff Cotto has not provided any information about any efforts to obtain counsel on his own.

As the Second Circuit has reminded the district courts, volunteer lawyer time is a scarcity that should be carefully meted out. In Cooper, the Second Circuit emphasized this scarcity, and admonished district courts to take seriously the threshold requirement that the claim be "likely to be of substance." Cooper, 877 F.2d at 172. The Second Circuit went on to instruct that district "courts should not grant such applications indiscriminately." Id.; see also Hodge, 802 F.2d at 60.

Appointment of counsel may not be warranted if the plaintiff's chances of success with his complaint are slight. Cooper, 877 F.2d at 172; Hodge, 802 F.2d at 60. It is difficult to determine plaintiff's chances of success at this time, before service of the complaint and defendants' response to the complaint.

A more fully developed record is necessary before the Court can determine if plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's

3

application is denied without prejudice to its renewal, during or after discovery, when the record is more fully developed.

        SO ORDERED.

DATED:      New York, New York
               October 29, 2007

                                        **Andrew J. Peck**
                                        United States Magistrate Judge

Copies to:     Eddie Cotto (Mail)
                 Judge Laura Taylor Swain